IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMANTHA SWOFFORD,

    **Plaintiff,**

vs.                                                     CIV No. 00-798 JP/LCS-ACE

**ROGER KATZ, REXIE BACA, and**
**THE SANTA FE PUBLIC SCHOOLS**
**BOARD OF EDUCATION,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 19, 2000, Defendants Rexie Baca and Santa Fe Public Schools Board of Education (Defendants) filed a Motion to Dismiss (Doc. No. 9).  After a careful review of the briefs and the relevant law, I have determined that these Defendants' Motion to Dismiss should be granted in part.

## Background

During the fall of 1993, Plaintiff was thirteen years old and in the seventh grade at De Vargas Junior High School.  Defendant Katz, a teacher at De Vargas Junior High School, was assigned by his principal, Defendant Baca, to be Plaintiff's mentor to assist her after a prolonged absence from school due to illness.  Sometime after the mentorship began, Defendant Katz began a relationship with the Plaintiff that became a ten-month period of alleged sexual abuse.  The alleged abuse took place both on school grounds during school hours as well as off school grounds.  As Defendant Katz' principal, Defendant Baca had the authority to discipline Defendant

1

Katz.  However, after receiving notice of the sexual abuse, Defendant Baca was allegedly indifferent to the misconduct of Defendant Katz and failed to take reasonable steps to end the abuse or protect the Plaintiff.

Count I of the complaint alleges violations of 20 U.S.C. §1681 (Title IX) by Defendants Katz, Baca, and School Board.  Count II alleges 42 U.S.C. §1983 substantive due process claims against Defendants Katz, Baca, and the School Board.  Count III alleges an equal protection claim against Defendant Katz only.  Finally, Count IV makes state tort claims against both Defendants Katz and Baca.

### Standard for Motion to Dismiss

Dismissal, under Fed. R. Civ. P. 12(b)(6), is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The Federal Rules of Civil Procedure require only that the pleadings give a defendant notice of the nature of the claims against him."  Morse v. Regents of the University of Colorado, 154 F.3d 1124, 1127 (10th Cir. 1998).   In addressing a motion to dismiss, the Court is required to accept as true all well-pleaded facts alleged in plaintiff's complaint.  Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1266 (10th Cir. 1989).

### Discussion

Defendants Baca and School Board argue:  1)  Counts I, II, and IV are barred by the statute of limitations; 2) the Plaintiff inappropriately named Defendant Baca as a defendant in Count I; 3)  Count II fails to state a constitutional claim against Defendants Baca and School Board; and 4)  Defendant Baca has sovereign immunity under the New Mexico Tort Claims Act

(NMTCA) for state tort claims made against her in Count IV.

## A. Statute of Limitations

### 1. Counts I and II

Defendants Baca and School Board first contend that Counts I and II should be dismissed because the Plaintiff's claim is barred by the three-year statute of limitations applicable to actions to enforce civil rights. Neither Title IX nor §1983 has its own statute of limitations. Thus, statutory limitations and tolling of those limitations are governed by state law. See Wilson v. Garcia, 471 U.S. 261, 269 (1985)(statute of limitations and tolling questions regarding §1983 claims are governed by state law). The United States Supreme Court has held that claims brought under §1983 are best characterized as personal injury actions for the purpose of determining the applicable state statute of limitations. Id. at 276. The same can also be said for actions arising under Title IX. See M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir. 1999). Accordingly, New Mexico's three-year personal injury statute of limitations applies to Title IX and §1983 actions brought in this Court. See NMSA 1978, §37-1-8 (1880). Additionally, the provision tolling the statute of limitations for minors and incapacitated persons is also applicable to Title IX and §1983 actions. See NMSA 1978, §37-1-10 (1880). See also Desert State Life Management Services v. Association of Retarded Citizens of Albuquerque, 939 F.Supp. 835, 838 (D.N.M. 1996)(applying §37-1-10 to §1983 claim). Section 37-1-10 tolls the limitations period for minors and incapacitated persons for "one year from and after the termination of such incapacity."

The applicable statute of limitations in this case is §37-1-10 since the Plaintiff was a minor at the time the alleged sexual abuse occurred. The Plaintiff reached the age of majority on May 7,

1999. Therefore, she had one year from May 7, 1999 to bring her Title IX and §1983 claims. Plaintiff filed her complaint on May 4, 2000, within the allowable statutory period. Hence, the Plaintiff's Title IX and §1983 claims under Counts I and II are not time barred.

**2. Count IV**

Defendants assert that Count IV should be dismissed because the Plaintiff's state tort claims are barred by the two year statute of limitations set forth in NMSA 1978, §41-4-15(A)(1976), the general statute of limitations that applies to claims made under the NMTCA. However, Plaintiff argues that NMSA 1978, §37-1-30(A)(1) (1993) governs tort claims for childhood sexual abuse. Section 37-1-30(A)(1) provides that a plaintiff has until his or her 24th birthday to bring a tort claim based on childhood sexual abuse. In this case, the Plaintiff argues that the §37-1-30(A)(1) would toll the statute of limitations until May 7, 2005.

Neither the New Mexico state courts nor the Tenth Circuit have directly addressed whether §37-1-30(A)(1) applies to state torts involving allegations of childhood sexual abuse. Plaintiff relies on the rule that specific statutory provisions normally will be given effect over conflicting general provisions. State v. Cleve, 1999-NMSC-017 ¶17, 127 N.M. 240. The court in Cleve explained that "[t]his rule in effect treats the special law as an exception to the general law because the Legislature is presumed not to have intended a conflict between two of its statutes and because the Legislature's attention is more particularly directed to the relevant subject matter in deliberating upon the special law." Id. In accordance with Cleve, §37-1-30(A)(1) would be a special exception to §41-4-15(A), a general statute of limitations for tort injuries.

Moreover, §37-1-30(A)(1), enacted in 1993, is a more recent statute than §41-4-15(A), enacted in 1976. Generally, it is presumed that the legislature is aware of an existing statute and

4

does not intend to enact a subsequent statute inconsistent with one already in place.  <u>Doe v. State ex rel. Governor's Organized Crime Prevention Com'n</u>, 114 N.M. 78, 80, 835 P.2d 76, 78 (1992). Therefore, the Legislature most likely intended §37-1-30(A)(1) to preempt §41-4-15(A) in childhood sexual abuse cases.  <u>See also</u> <u>Doe v. Indian Mountain School, Inc.</u>, 921 F.Supp. 82, 83 (D. Conn. 1995)(statute of limitations for child sexual abuse cases applied to all tort claims for damages for personal injury to a minor caused by sexual abuse).  I conclude that §37-1-30(A)(1) governs and the Plaintiff has timely filed her Count IV tort claims.  The motion to dismiss Counts I, II, and IV, on the ground that they are barred by the statute of limitations, will be denied.

**B.  Individual Liability of Defendant Baca Under Title IX: Count I**

Defendant Baca also argues that Title IX does not permit liability for the acts of individuals.  Title IX states that no person shall "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity" on the basis of that person's sex.  20 U.S.C. § 1681(a).  The plain language of this section indicates that Title IX applies to programs or activities rather than to individuals.

A number of courts have held that Title IX does not apply to individuals. In <u>Seamons v. Snow</u>, 864 F.Supp. 1111, 1116 (D. Utah 1994), <u>rev'd in part on other grounds</u>, 84 F.3d 1226 (10th Cir. 1996) the court stated that "[a]lthough the Supreme Court has found that Title IX provides a damages remedy, <u>Franklin v. Gwinnett County Pub. Schs.</u>, 503 U.S. 60 ... (1992), that remedy is available only when suit is brought against an 'education program or activity receiving Federal financial assistance,' not in suits against individuals."  <u>See</u> <u>also</u>  <u>Bougher v. University of Pittsburgh</u>, 882 F.2d 74, 77 n.3 (3rd Cir. 1989); <u>Lipsett v. University of Puerto Rico</u>, 864 F.2d 881, 901 (1st Cir. 1988).

Judge Black's unpublished opinion on this issue in Vigil v. Mesa Vista Consolidated School District et al., Civ. No. 97-151, slip op. (D.N.M. Dec. 19, 1997) is persuasive. In Vigil, the student was sexually harassed by a teacher. Plaintiff brought claims against the school district, the offending teacher and others, under §1983 and Title IX. Judge Black dismissed the Title IX claims against the individuals, stating:

> Title IX applies to educational institutions or programs that receive federal funds, and states that no person shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity on the basis of that person's sex. 20 U.S.C. §1681(a). The Court recognizes Plaintiff's Title IX cause of action has its origin in Franklin v. Gwinnett Public Schools, 503 U. S. 60 (1992)(recognizing private litigant's right to recover damages when teachers sexually abuse/harass students). However, the Franklin court did not determine whether individuals may incur Title IX liability and what liability, if any, the school district has for the acts of its teachers and students. The majority of courts considering the issue reject individual liability, finding a damage remedy is only available against an education program or activity receiving Federal Financial Assistance. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 730 (6th Cir. 1996). This Court adopted the majority view in Philliou v. The Regents of the University of New Mexico, No. CIV 96-1019 BB/LFG (filed August 19, 1997)(holding Title IX does not apply to claims against individuals).

Adopting Judge Black's well-reasoned approach, I conclude that Plaintiff's Title IX claim against Defendant Baca should be dismissed.

## C. Supervisory Liability of Defendant Baca under §1983:  Count II

Defendant Baca argues next that she is not subject to supervisory liability under §1983 as alleged in Count II. A supervisor is not liable under §1983 unless "an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'" Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)(citation omitted). To show supervisor liability in sexual harassment or

6

abuse cases, a plaintiff must demonstrate "that a supervisor had actual knowledge of the harassment but failed to take any remedial action." Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999). "[B]are conclusory allegations" of supervisor liability, however, are insufficient to state a claim. See Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816 (10th Cir. 1981), cert. denied, 459 U.S. 840 (1982).

Paragraphs 20 and 21 of the complaint merely allege that Defendant Baca "received actual notice of the sexual abuse," "was deliberately indifferent to the misconduct" and "failed to take reasonable steps to end the abuse or otherwise protect the Plaintiff." These conclusory allegations are unsupported by any assertions of fact. The facts alleged in the complaint indicate only that Defendant Baca assigned Defendant Katz to mentor the Plaintiff. The Plaintiff does not allege when or how Defendant Baca became aware of the sexual abuse or what specifically was her reaction to that information. Accordingly, the complaint fails to establish any substantive due process claim against Defendant Baca. Hence, Plaintiff's §1983 supervisory liability claim against Defendant Baca should be dismissed.

**D.  Municipal Liability of the School Board Under §1983:  Count II**

Defendant School Board argues that it is not liable under Count II for alleged §1983 violations based on the Defendant School Board's "policy and custom of failing to train principals, teachers and employees to effectively detect and address complaints of sexual abuse." Complaint at ¶26. Defendant School Board asserts that municipal liability principles preclude the §1983 claim against it. The Tenth Circuit acknowledges that a school board is akin to a municipality. See Gates v. Unified School Dist. No. 449 of

Leavenworth County, Kan., 996 F.2d 1035, 1043 (10th Cir. 1993). To establish that a municipality is liable under §1983, a plaintiff must demonstrate that the municipality had an official policy or tolerated a custom which resulted in the deprivation of plaintiff's Constitutional rights. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-91 (1978). Absent an official policy, a municipality may also be held liable if the discriminatory practice is "'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" Lankford v. City of Hobart, 73 F.3d 283, 286 (10th Cir.1996)(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 168 (1970)).

Even the most liberal construction of Plaintiff's complaint fails to reveal any specific allegations that the Defendant School Board had an official policy of not training school personnel to effectively detect and address complaints of sexual abuse. Acts that do not rise to the level of official policy may nonetheless create liability if they are sufficiently widespread and pervasive so as to constitute a "custom." See Starrett v. Wadley, 876 F.2d 808, 820 (10th Cir.1989). However, acts of sexual abuse by a single teacher directed solely at the Plaintiff do not demonstrate a custom or policy of the Defendant School Board to be deliberately indifferent to sexual abuse as a general matter. Plaintiff's §1983 claim against Defendant School Board should, therefore, be dismissed.

**E.  Governmental Immunity of Defendant Baca:  Count IV**

Defendant Baca further argues that she is entitled to governmental immunity with respect to the state tort claims alleged against her under Count IV. Governmental entities and public employees are immune from tort liability absent a waiver of immunity set out in the NMTCA. NMSA 1978, §41-4-4(A)(1976). The parties agree that to maintain this tort

8

action against Defendant Baca, Plaintiff's allegations must fall within the waiver provisions of NMSA 1978 §41-4-6 (1976), which provides in material part: "The immunity granted pursuant to Subsection A of § 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings."

This waiver applies to physical defects in premises and when "negligent public employees operate or maintain a facility in such a way as to create an unsafe or dangerous condition on the property or in the immediate vicinity." Leithead v. City of Santa Fe, 1997-NMCA-041 ¶1, 123 N.M. 353. "[A] claim of negligent supervision, standing alone, is not sufficient to bring a cause of action within the waiver of immunity created by Section 41-4-6." *Id.* at ¶8. In essence, to show liability under §41-4-6, one must "'identify and articulate a condition on the premises that creates a potential risk to the general public....'" *Id.* at ¶23 (quoting Baca v. State, 121 N.M. 395, 911 P.2d 1199 (Ct. App.), cert. denied, 121 N.M. 375, 911 P.2d 883 (1996)).

Here, the Plaintiff's state tort allegation against Defendant Baca is that "by failing to end the abuse and protect the Plaintiff the Defendant Baca was grossly negligent and reckless in the performance of her duty to the Plaintiff."  Complaint at ¶35.  There is no mention in the complaint of a physical defect in the school or that Defendant Baca negligently operated or maintained the school so as to create an unsafe or dangerous condition. The complaint merely alleges that Defendant Baca was negligent for not ending the sexual abuse of the Plaintiff.  Moreover, the complaint fails to allege that the

negligence by Defendant Baca affected the public generally, not just the Plaintiff. For these reasons, Count IV should be dismissed as to Defendant Baca in her official capacity. However, Plaintiff's state tort claims against Defendant Baca in her individual capacity remain.

IT IS THEREFORE ORDERED that:

(1) Count I of the complaint against Defendant Baca is DISMISSED with prejudice;

(2) Count II of the complaint against Defendants Baca and School Board is DISMISSED; and

(3) Count IV of the complaint against Defendant Baca, in her official capacity, is DISMISSED.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:        Michael R. Griego
                              Los Lunas, New Mexico

Counsel for Defendants
Baca and School Board:        Elizabeth L. German and Brian A. Thomas
                              Brown & German
                              Albuquerque, New Mexico