IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMANTHA SWOFFORD,

    Plaintiff,

vs.                                                   Civ. No. 00-798 JP/LCS-ACE

ROGER KATZ, REXIE BACA, and
the SANTA FE PUBLIC SCHOOLS
BOARD OF EDUCATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 15, 2000, Defendants Rexie Baca and Santa Fe Public Schools Board of Education (Defendants) filed Defendants Rexie Baca and Santa Fe Public Schools Board of Education's Motion to Reconsider (Doc. No. 18). The Defendants move the Court to reconsider its November 15, 2000 Memorandum Opinion and Order (MOO) (Doc. No. 16). Having reviewed the briefs and the relevant law, I find that the motion to reconsider should be denied.

A. Standard for Motion to Reconsider

Because the Defendants filed this motion to reconsider more than ten days after the entry of the November 15, 2000 MOO, I will construe the motion to reconsider as a Fed. R. Civ. P. 60(b) motion for relief. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Rule 60(b) relief is discretionary and warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). A party shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief. *Id*. at 1243-44. Here, the most relevant Rule 60(b) ground for relief is the sixth ground which provides relief for "any other reason justifying relief...."

B. Discussion

The Defendants argue that I should reconsider the MOO because I improperly created a "separate and distinct claim under the New Mexico Tort Claims Act [NMTCA] against employees in their individual capacities." Defendants Rexie Baca and Santa Fe Public Schools Board of Education's Reply to Plaintiff's Motion to Reconsider at 1, filed Jan. 23, 2001 (Doc. No. 28). Specifically, the Defendants argue that this new claim was created when in discussing Count IV of the Complaint I found that the "Plaintiff's state claims against Defendant Baca in her individual capacity remain." MOO at 10.

"[T]he distinction between a state official in an official capacity and a state official in an individual capacity does not turn on the type of conduct involved. Rather, it turns on procedural considerations and the relief sought." *Ford v. New Mexico Dept. of Public Safety*, 119 N.M. 405, 410, 891 P.2d 546, 551 (Ct. App. 1994), *cert. denied*, 119 N.M. 354, 890 P.2d 807 (1995). The Plaintiff sued Defendant Baca both in her official and individual capacities. Complaint at ¶9. Count IV of the Complaint alleges that "[b]y failing to end the abuse and protect the Plaintiff the Defendant Baca was grossly negligent and reckless in the performance of her duty to the Plaintiff." Complaint at ¶35. This allegation does not restrict the state claim against Defendant Baca to either her official or individual capacities. Moreover, the request for relief in the Complaint seeks money damages apparently from both Defendant Baca and the Defendant Santa Fe Public Schools Board of Education. A complaint seeking money damages from the government and the pocket of the individual indicates that the claim against the individual proceeds in both official and individual capacities. *Isenhour v. Hutto*, 350 N.C. 601, 517 S.E.2d 121, 126 (1999). Viewing the Complaint as a whole, I find that the state claim against Defendant

Baca was brought against her in both her official and individual capacities.

In deciding that the NMTCA provides immunity to Defendant Baca, I impliedly found that Defendant Baca was immune from suit for the actions she committed in the scope of her duties as a junior high school principal.[1] *See* NMSA 1978, §41-4-4(A) (1976)(a public employee can only be immune from liability under the NMTCA "while acting within the scope of duty."). In other words, Defendant Baca is immune from liability under the NMTCA for her official actions as a principal. *See Silva v. State*, 106 N.M. 472, 477, 745 P.2d 380, 385 (1987) ("It is only when a public employee is acting within the scope of his employment and in furtherance of the business of a public entity that immunity and the Tort Claims Act have any relevance."). However, the state claim against Defendant Baca is also made in her individual capacity and presumably seeks personal liability against Defendant Baca. Since the state claim is broadly worded, it could be construed as alleging that Defendant Baca committed additional acts outside the scope of her employment for which she is personally liable. These other acts were not dismissed, because they are not governed by the NMTCA. *See Allen v. McClellan*, 77 N.M. 801, 806, 427 P.2d 677 (1967), *overruled on other grounds by New Mexico Livestock Bd. v. Dose*, 94 N.M. 68, 70, 607 P.2d 606, 608 (1980)(a state official who acts outside the scope of his authority and commits a willful and malicious tort acts as an individual who may be subject to personal liability). I, therefore, did not create a separate cause of action under the NMTCA against public employees in their individual capacities. Defendant Baca's motion to reconsider is without merit.

---

[1] Although Count IV mentions Defendant Baca's "performance of her duty to the Plaintiff," this language does not define "duty." Liberally construing the Complaint, I interpreted "duty" to refer to "scope of duty" as defined in the NMCTA as well any common law duty of care.

IT IS ORDERED that Defendants Rexie Baca and Santa Fe Public Schools Board of Education's Motion to Reconsider (Doc. No. 18) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE